FILED
U.S. District Court
District of Kansas

SEP 16 2015

Clerk, U.S. District Court
By_____Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 15-CM-60087-EFM<br><br>**FILED UNDER SEAL** |

## ORDER

This matter having come before the Court upon application of Matt Treaster, Assistant U.S. Attorney, acting pursuant to Title 18, United States Code, Section 3122, requesting an Order pursuant to Title 18, United States Code, Section 3123 authorizing the installation and use of pen registers and trap and trace ("pen-trap") devices in order to capture dialing, routing, addressing and signaling information on communications[1] generated from or received by the following WhatsApp Inc. ("WhatsApp") account numbers: 316-519-8218 (hereinafter, the aforementioned WhatsApp Account Numbers will be collectively referred to as the "**Subject Account**")[2].

The Court finds as follows:

1. The applicant has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration (DEA) ("the investigating agency") of **Felizardo URIAS-Avilez, Noe BELTRAN-Ramirez, Rosa ROBLES-Arambula,**

---

[1] Throughout this Application, the usage of "communications" applies to both electronic and wire communications.

[2] Unless otherwise specified, the identity of the person to whom each WhatsApp Account is leased to, or whose name is listed to the WhatsApp Account, to which the pen register and trap and trace device is to be attached and/or applied to, is unknown.

**Hipolito MERAZ-Leyva, Roque MATA, and Luis Gerardo ARREDONDO-Duarte**, and other unknown individuals in connection with possible violations of federal law, including Title 21, United States Code, Section 841(a)(1) – distribution of controlled substances; Section 846 – conspiracy or attempt to distribute controlled substances; Section 843(b) – use of communication facilities in drug trafficking; Section 952 – importation of controlled substances; Section 963 – attempt and conspiracy to import controlled substances; in the District of Kansas and elsewhere in the United States. As detailed in the accompanying Affidavit, sworn to and prepared by Special Agent Charles Armour, DEA, investigators believe that the WhatsApp account is being used on an ongoing basis to distribute controlled substances, the possession with the intent to distribute controlled substance, the use of the WhatsApp account to facilitate these crimes, and the conspiracy to commit these crimes, and that the information collected and analyzed pursuant to the requested order will assist in the identification of others who are involved in the drug distribution business.

Accordingly, IT IS ORDERED that, pursuant to Title 18, United States Code, Section 3123, pen-trap devices may be installed and used, without geographic limit, to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication, to or from the **Subject Account**, including but not limited to the following:

(a) Source and destination Account numbers or telephone numbers associated with the origination and termination of all wire and electronic communications to and from the Subject Account, including identifying all participants of multi-party communications (e.g., group chat, broadcast, etc.);

(b) Date, duration, and timestamp for each communication and service event, to include specification of the time zone offset from Universal Coordinated Time (UTC);

(c) The type of communication (e.g., text, image, video, location, audio, etc.);

(d) IP Addresses associated with the originating and terminating customer devices used to send and receive communications (both IPv4 and IPv6);

(e) Port Numbers (e.g. TCP/UDP Ports) associated with the originating and terminating customer devices used to send and receive communications (both IPv4 and IPv6);

(f) Transport Protocol the originating and terminating customer devices used to send and receive communications (both IPv4 and IPv6);

(g) Byte size information for each WhatsApp communication or other information from which the size of the communication and media transfers can be ascertained;

(h) WhatsApp account numbers and any unique identifiers associated with each accounts/devices used to make and receive communications to and from the Subject Accounts, including identifying all participants of multi-party communications (e.g., group chat, broadcast, etc.), sent or received by the Subject Account, including the:

WhatsApp Account Numbers

Electronic Serial Number ("ESN"),

Mobile Electronic Identity Number ("MEID"),

Mobile Identification Number ("MIN"),

Subscriber Identity Module ("SIM"),

International Mobile Subscriber Identifier ("IMSI"),

Mobile Station Identification Number ("MSID"),

Mobile Service Node ("MSN"),

Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), or International Mobile Station Equipment Identity ("IMEI").

(i) Addresses or other information that uniquely identify the Subject Accounts used to authenticate to WhatsApp or its network, including the Internet

Protocol address and device identifiers of any smartphone or computer used to access the subject account; as well as the time, date and duration of such access.

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(c)(1), that the use and installation of the foregoing is authorized to occur for a period not to exceed 60 days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that WhatsApp and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, immediately furnish information, facilities, and technical assistance necessary to install the pen-trap devices and accomplish, such installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service; and to deliver all such intercepted dialing, routing, addressing, and signaling information, securely and reliably and in a format that allows the information to be understood by the applicant and investigative agency. In particular, to facilitate this Court's Order, WhatsApp and any other person or entity providing wire or electronic communication service in the United States shall provide: (1) technical documentation and necessary assistance to enable the investigating agency to ascertain the meaning and significance of data in the delivery; to facilitate breaking down the information into distinct identifiable fields; and to address deficiencies and preferences with formats; and (2) a designated technical representative(s)/engineer(s) who will coordinate efforts with and have the authority to provide the investigating agency's technical staff the necessary information and technical assistance, including direct access to the network facilities used or controlled by or on behalf of WhatsApp, and any other person or entity providing wire or electronic communication service in the United States to the Subject Account, for purposes of testing, evaluation and provisioning of the technical means necessary to accomplish implementation of the authorized pen register and a trap and trace device or process.

IT IS FURTHER ORDERED that if WhatsApp or any other relevant provider of electronic communication service to the public, cannot comply with this Court's Order to install the pen-trap devices, the United States is authorized to install and use its own pen register and trap and trace devices on the data network of WhatsApp or any other relevant provider of communication service to the public, pursuant to 18 U.S.C. § 3123(a)(3)(A).

IT IS FURTHER ORDERED that the investigating agency and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the investigative agency; for the duration of the Order;

IT IS FURTHER ORDERED that the investigative agency reasonably compensates WhatsApp and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses directly incurred in complying with this Order;

IT IS FURTHER ORDERED that WhatsApp and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the investigative agency of any changes relating to the **Subject Account** and prior to terminating or changing service to the **Subject Account**, which might affect the implementation and utility of this Court's Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that WhatsApp and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen-trap devices, or this investigation, except as necessary to effectuate the Order, unless and until authorized by this Court;

IT IS FURTHER ORDERED that this application and Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

Dated this 16th day of September, 2015.

                                              **HONORABLE GWYNNE E. BIRZER**
                                              UNITED STATES MAGISTRATE JUDGE